18-451
*Corbiere v. Berryhill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

KERRY ANN CORBIERE,

> *Plaintiff-Appellant*,

v.                                                                No. 18-451

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,

> *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | MARK SCHNEIDER, Schneider & Palcsik, Plattsburgh, NY |
| For Defendant-Appellee: | REBECCA H. ESTELLE, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel – Region II Office of |

1

the General Counsel Social Security Administration, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kerry Ann Corbiere appeals from a February 5, 2018 judgment of the district court granting Defendant-Appellee Commissioner of Social Security's motion for judgment on the pleadings and dismissing Corbiere's complaint, which sought review of an Administrative Law Judge's ("ALJ") denial of Corbiere's claim for Social Security Disability Insurance benefits. We assume familiarity with the facts, procedural history, and issues on appeal. Corbiere principally argues that the ALJ and, in turn, the district court erred in finding that she had residual functioning capacity to perform unskilled, sedentary work because the ALJ did not give her treating physician's opinions and findings their proper weight and improperly discredited her testimony.

When reviewing the denial of Social Security benefits, we "focus . . . not so much on the district court's ruling as . . . on the administrative ruling" by the ALJ. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).[1] We undertake our own review of the administrative record to determine whether the ALJ committed an "error of law . . . that might have affected the disposition of the case" and, if not, whether the ALJ's decision is supported by substantial evidence, *i.e.*, "such

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004). An individual is disabled, in relevant part, if "[s]he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). If a claimant's impairments are not *per se* disabling under Social Security Administration regulations, then the ALJ must ascertain the claimant's "residual functional capacity, a measure of employment capabilities," and determine if jobs are available in the national economy to persons with that capacity. *New York. v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

We find that substantial evidence supported the ALJ's finding that Corbiere could perform sedentary, unskilled work. The ALJ considered relevant medical records and testimony of examining and non-examining physicians. As to Corbiere's mental abilities, the ALJ weighed, *inter alia*, the assessments of a doctor and a nurse practitioner who had conducted "[m]ental status evaluations" of Corbiere, as well as the "results of a consultative psychiatric examination" by a psychologist. Special App. 10. The ALJ also gave "some weight" to a "State agency psychiatric medical consultant" who, upon a review of the entire record, concluded that Corbiere "retained the ability to carry out work procedures with an adequate level of persistence and pace, to relate adequately with coworkers and supervisors, and to tolerate the stress of full-time employment." Special App. 10-11. The ALJ similarly considered the relevant medical information related to Corbiere's physical impairments. The ALJ noted "[t]reating source evidence" regarding Corbiere's back pain, and specifically a lumbar MRI exam that revealed "a small L4-5 disc protrusion and mild L4-5 facet joint changes," but found that Corbiere's "lumbar condition would [not] limit her from performing tasks consistent with sedentary work," as other

3

exams indicated that she could "stand and walk without difficulty" and had "full lower extremity strength." Special App. 11.

Corbiere alleges that the ALJ failed to assign "controlling weight" to her treating sources' opinions under 20 C.F.R. § 404.1527(c)(2).[2] *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (The "treating physician" rule "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence."). At least three of the providers she identifies, however, are not treating medical sources – one is a social worker, another clinical worker, and the third treated her only once. *See Arnone v. Bowen*, 882 F.2d 34, 41 (2d Cir. 1989) (noting that a "treating physician" must have an "ongoing physician-treatment relationship" with the patient). There is nothing to indicate that the ALJ did not give proper weight to the actual treating sources' opinions: The ALJ labeled Corbiere's impairments identified by treating sources—several lumbar issues, bipolar disorder, major depressive disorder, and obesity—as "severe." Special App. 7. Nevertheless, the ALJ appropriately and reasonably concluded that these diagnoses and opinions did not indicate that Corbiere does not have residual functioning capacity to perform sedentary, unskilled work.

Corbiere argues that the ALJ erred in "giving less weight to the opinions of mental health treatment providers because they relied upon [her] self-reported symptoms." Appellant Br. 21. But there is no indication that the ALJ improperly weighed the reports of the specific providers that Corbiere highlights. For example, Corbiere suggests that the ALJ did not properly weigh the evaluation of Dr. Stanley Poreba, who "noted that [Corbiere] has a history of bipolar disorder."

---

[2] Corbiere's application was filed before March 27, 2017, and thus this provision, which applies to applications filed before that date, applies.

4

Appellant Br. 22. But the ALJ's thorough opinion relies directly on Dr. Poreba's medical evaluation, including conclusions that called Corbiere's self-reported symptoms into doubt. Special App. 10 ("In contrast to [Corbiere's] allegation that her motivation was low and she had difficulty interacting with others, a note from Dr. Poreba indicates that the claimant was bored because she was home alone most of the day, and she was actively seeking classes and/or programs to get involved in."). Moreover, the ALJ must weigh all the evidence to make a residual functioning capacity finding consistent with the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). The ALJ's assessment appropriately considered all the medical evidence and evaluations presented to him, including from providers to whom Corbiere self-reported symptoms.

Corbiere's assertions that the ALJ improperly discredited her testimony regarding the severity of her physical and mental limitations are likewise unavailing. The ALJ concluded that Corbiere's medical impairments could cause the symptoms she alleged, but declined to credit her testimony regarding the intensity, persistence, and limiting effects of the symptoms to the extent they were inconsistent with the medical evidence presented, including treating source evidence. This analysis was appropriate under 20 C.F.R. § 416.929(c)(3), which lays out the factors an ALJ should consider when making a finding of credibility regarding a claimant's statements that are not substantiated by objective medical evidence, and we will not second-guess it. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (An ALJ has the discretion to weight the credibility of a claimant's testimony "in light of the other evidence in the record."); *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (Generally, it is for the ALJ, and not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses,

5

including the claimant."). Our review of the record demonstrates that substantial evidence supports the ALJ's credibility determination.

We have considered all of Corbiere's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk